Mr. Justice Clayton,
delivered the opinion of the court.
This bill was filed in the probate court of Tippah county to review the final settlement of the administration account of the appellee, made at the August term, 1846, and to surcharge and falsify the same.
Several errors in the settlement are pointed out. There was a demurrer filed to the bill, which was sustained in the court below, and the bill dismissed.
The case involves the construction of the third section of the act of 1846, passed to amend the several laws in relation to the courts of probate. The words are “ any person interested, may, at any time within two years after final settlement, by bill of review, open the account of any executor, administrator or guardian, and surcharge and falsify the same.” Pamphlet Acts, p. 146. It is insisted by the counsel of the appellee, that the bill of review was intended bjr the legislature to have no other or greater effect, than such a bill under the established practice of the chancery court. This construction is too narrow. The act not only gives the right to file a bill of review, but to surcharge and falsify the final settlement. The effect of this is to make the settlement only prima facie evidence for the space of two years. Before, by the decisions of this court, final settlements were held to be conclusive, and beyond attack, except for fraud in making them. Now they are upon the same footing with partial or annual settlements, and may be examined into during the period limited by the statute.
The remark by the court in Harris v. Fisher, 5 S. & M. 79, *623 “ that the doctrine applicable to bills of review, is incompatible with the legitimate powers of the probate court,” was made before the passage of this law. Such a proceeding in the English law was peculiar to a court of chancery. But in this state a court of equity cannot review, or remodel an account settled in the probate court. It is important that such a power should be found somewhere in our system. The legislature after an experience of the bad consequences proceeding from the want of it, has thought proper to confer it on the probate court. Confined as it must of necessity be, to the examination of matters within the exclusive jurisdiction of that court, we cannot say that the power is repugnant to the constitution.
The decree is reversed, and the cause remanded for further proceedings.